IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

DAPHNE A. POWERS                                                   PLAINTIFF

vs.                                            CIVIL ACTION NO. 3:13cv061-SAA

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY                             DEFENDANT

## MEMORANDUM OPINION

This case involves an application under 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying the application of plaintiff Daphne A. Powers for a period of disability (POD) and disability insurance benefits (DIB) under Title II of the Social Security Act. Plaintiff filed her application on May 5, 2010, alleging disability beginning August 1, 2002. Docket 7, p. 91-94. Her claim was denied initially on May 12, 2010 and on reconsideration on August 19, 2010. *Id.* at 37-42, 44-46. She filed a written request for hearing on October 11, 2010 (*Id.* at 47) and filed a waiver of appearance but was represented by counsel at the hearing held December 2, 2011. *Id.* at 27-36. The Administrative Law Judge (ALJ) issued an unfavorable decision on January 12, 2012 (*Id.* at 12-23), and the Appeals Council denied plaintiff's request for a review on January 23, 2013. *Id.* at 1-3. Plaintiff timely filed the instant appeal from the decision, and it is now ripe for review. Because both parties have consented to have a magistrate judge conduct all the proceedings in this case as provided in 28 U.S.C. § 636(c), the undersigned has the authority to issue this opinion and the accompanying final judgment.

ISSUES ON APPEAL

1

Plaintiff raises three issues on appeal. Without ruling on the other issues, the undersigned first addresses the issue of the incomplete transcript. There are several "inaudible" portions of the hearing transcript. Docket 9, pp. 29, 32 & 33. This portion of the transcript involves an interchange between the ALJ and the Vocational Expert (VE), and it apparently relates to the plaintiff's ability to perform certain functions relative to jobs available in the national economy. The undersigned cannot make a determination whether the ALJ's decision was supported by substantial evidence without this evidence. Although the Commissioner urges that the inaudible portions of the transcript are little more than procedural imperfections, the Commissioner is simply wrong.

The court has spent a portion of two days reading and reviewing the docket, applicable case law and the record in this case. It is clear that the inaudible portion of the transcript is integral to the court's determination of whether the ALJ's decision was supported by substantial evidence. The idea that this fact was overlooked or simply escaped the reasoning of the Commissioner is inexplicable. This is simply the latest in a series of cases this court has encountered in which important information is absent from the record. An incomplete transcript means the court cannot do its job in these cases; the Commissioner's argument that this glaring gap in the record constitutes a mere "procedural irregularity" in essence puts the court in the position of acting as the government's law clerk, encountering and pointing out fatal deficiencies that should have been recognized and remedied from the very beginning. The result is not only judicial inefficiency, but yet another delay in resolution of the plaintiff's claim – which she made over three years ago.

Because the inaudible hypothetical of the ALJ and the inaudible responding testimony of

the VE are critical to the issues in this case, it must be remanded to provide an adequate and articulate record for proper review. *Pinter v. Astrue*, 2012 WL 4468525, *13 (S. D. Miss Sept. 25, 2012) ("Although transcription errors inevitably occur, this colloquy was critical. On remand, the transcript should be sufficiently developed . . . . [as] is necessary for adequate review."). Because the court is remanding for further consideration of these issues and compilation of a full and complete transcript, or if necessary another hearing, the merits of the plaintiff's remaining arguments will not be addressed at this time.

## CONCLUSION

A final judgment in accordance with this memorandum opinion will issue this day.

This, the 23rd day of October, 2013.

                                      /s/ S. Allan Alexander
                                      UNITED STATES MAGISTRATE JUDGE